HONORABLE RICHARD A. JONES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIYAM AKMAL,

                    Plaintiff,

        v.

TACOMA GOODWILL
INDUSTRIES et al.,

                    Defendants.

CASE NO. C14-1960 RAJ

ORDER

## I.    INTRODUCTION

This matter comes before the court upon the motions of defendant Terra Staffing Group ("Terra Staffing") and defendant Regal Logistics/Regal West ("Regal") to dismiss the complaint and for imposition of a vexatious litigant pre-filing order.  Dkt. ## 13, 19, 20.  Also before the court is plaintiff Mariyam Akmal's motion for extension of time to respond to defendants' motion to dismiss.  Dkt. # 14.  For the reasons stated below, the motions are (Dkt. ## 13, 14, 19, 20) GRANTED.

The court notes that defendant Tacoma Goodwill Industries ("Tacoma Goodwill") has not appeared in this action.  The court reviewed the docket and determined that plaintiff's proof of service was insufficient to show that Tacoma Goodwill was properly served with notice of this lawsuit.  (POS) Dkt. # 16.  Accordingly, the court ordered

1  plaintiff to show cause why her claims against Tacoma Goodwill should not be dismissed

2  for failure to prosecute.  (MO) Dkt. # 26.

3                          **II.    BACKGROUND**

4        In March of 2013, plaintiff filed a lawsuit against defendants Terra Staffing and

5  Regal.  *See* Case No. 13-cv-5113-BHS (J. Settle).  In that lawsuit, plaintiff alleged claims

6  for: (1) race discrimination and retaliation pursuant to 42 U.S.C. 1981, (2)

7  outrage/intentional infliction of emotional distress, (3) violation of privacy/intrusion upon

8  seclusion, (4) false light, (5) defamation, (6) violation of RCW 49.44.010 prohibited

9  blacklisting, (7) tortuous interference with a contract/business expectancy, and (8) civil

10  conspiracy.  *Id.* at Dkt. #40.

11       Plaintiff's 2013 claims appear to have been based on a temporary work assignment

12  at Regal that she obtained through Terra Staffing.  *Id.*  Plaintiff alleged that she worked at

13  Regal on a single day for approximately three to four hours.  *Id.*  She claimed to have

14  been subjected to two types of inappropriate behavior:  (1) she alleged that numerous

15  employees referred to her as "Bambi" and (2) she alleged that a security guard

16  inappropriately implied that she kept a gun in her car.  *Id.*

17       Judge Settle dismissed plaintiff's race discrimination and retaliation claims under

18  Rule 12(b)(6), declined to exercise jurisdiction over her state law claims, and revoked her

19  *in forma pauperis* status.  *Id.* at Dkt. ## 36, 41.  The Ninth Circuit later denied plaintiff's

20  request to proceed with her appeal *in forma pauperis*, finding that the appeal was

21  frivolous.  *Id.* at Dkt. # 54.

22       In the present lawsuit, plaintiff attempts to assert claims against Terra Staffing and

23  Regal pursuant to 42 U.S.C. § 1981, Title VII of the Civil Rights Act, and an unspecified

24  section of RCW 49.60 (freedom from discrimination).  Her factual allegations consist, in

25  pertinent part, of the following: "The named defendants in concert with additional

26  defendants not yet named, participated in a harassment campaign directed at the plaintiff

27  for the purpose of depriving her of current and future employment opportunities.  The

1    plaintiff was targeted for her participation in a prior EEOC investigation as well as

2    complaints filed with the Washington State Human Rights commission.  The harassment

3    and discrimination are based on her inclusion in a protected class regarding her religion,

4    sex, race, national origin and disability (perceived and actual)."  (Compl.) Dkt. # 4, p. 2.

5    She further alleges that the discrimination was a "continuing violation" from April 2005

6    to December 2014.  *Id.*

7    　　　Plaintiff claims to have filed charges with the Federal Equal Employment

8    Opportunity Commission on June 2012 and received a notice of right to sue letter on

9    September 26, 2014.  *Id.*  She has attached a copy of her right to sue letter, but the only

10   party identified is Tacoma Goodwill; neither Terra Staffing nor Regal are mentioned.

11   (EEOC letter) Dkt. # 4-2.  The complaint contains no factual allegations regarding the

12   underlying EEOC charge.

13   　　　Plaintiff filed this lawsuit on December 24, 2014 (i.e., within 90 days of her

14   receipt of the right to sue letter).  Dkt. # 1.

15   　　　　　　　　　**III.    ANALYSIS**

16   　　**A. Jurisdiction**

17   　　　Defendants contend that plaintiff has failed to allege facts to establish that this

18   court has jurisdiction over her Title VII claims.  According to defendants jurisdiction is

19   lacking because the right to sue letter does not name Regal or Terra Staffing as

20   defendants nor does it indicate that plaintiff's complaint to the EEOC involved any

21   conduct by Regal or Terra Staffing.  (Regal Mot.) Dkt. #19, p. 7; (Terra Mot.) Dkt. # 13,

22   pp. 6-7.

23   　　　Contrary to defendants' assertions, this is not a jurisdictional question.  *See Surrell*

24   *v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008) ("Failure to obtain a federal

25   right-to-sue letter does not preclude federal jurisdiction."); *see also EEOC v. Nat'l Educ.*

26   *Ass'n*, 422 F.3d 840, 847 (9th Cir. 2005) (finding that "failure to name [a] party in the

27   original [EEOC] charge is not dispositive.").  In *Zipes v. Trans World Airlines, Inc.*, 455

1  U.S. 385, 393 (1982), the Supreme Court held that, although Title VII requires that

2  plaintiffs timely exhaust administrative remedies, "filing a timely charge of

3  discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court,

4  but a requirement that, like the statute of limitations, is subject to waiver, estoppel, and

5  equitable tolling." *Id.* at 394.  The Supreme Court further explained that Title VII's

6  timeliness provision is entirely separate from Title VII's jurisdictional provisions and

7  "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the

8  district courts." *Id.*

9        Although a right-to-sue letter is not an absolute jurisdictional prerequisite, it is still

10  a general requirement for Title VII claims that should only be waived in appropriate

11  circumstances. *Surrell*, 518 F.3d at 1105.  The purpose of requiring plaintiffs to first

12  exhaust their administrative remedies with the EEOC is to "provide notice to parties

13  charged with violations and to facilitate voluntary compliance should the investigating

14  agency find merit in the complaint…." *Id.* (quoting *Burke v. Cornerstone*, 2007 WL

15  3046193, *102 (D. Conn. Oct. 12, 2007)).  This notice extends to parties who were

16  named in the EEOC charge as well as those who "should have anticipated" that the

17  claimant would later name them in a Title VII suit. *Sosa v. Hiraoka*, 920 F.2d 1451,

18  1458-59 (9th Cir. 1990).  Thus, in general, a "Title VII claimant's court action depends

19  upon the scope of both the EEOC charge and the EEOC investigation." *Id.* at 1456.

20        Here, there are simply no allegations that show Regal or Terra Staffing "should

21  have anticipated" that plaintiff would name them in a Title VII suit.  The complaint

22  contains no facts connecting Regal and/or Terra Staffing to the charges plaintiff filed

23  with the EEOC against Tacoma Goodwill.  Additionally, plaintiff has failed to allege any

24  facts that would excuse her failure to obtain a right-to-sue letter as to these defendants.

25  Accordingly, plaintiff's Title VII claims against Regal and Terra Staffing are dismissed.

26

27

### B.  Failure to State a Claim

Plaintiff's remaining claims are for violation of RCW 49.60 and 42 U.S.C. § 1981. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff.  *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Further, since plaintiff is appearing *pro se*, the court must construe the allegations of the complaint liberally and must afford plaintiff the benefit of any doubt.  *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  However, "the liberal pleading standard ... applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  *Bruns v. Na'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).  Moreover, with respect to plaintiff's pleading burden, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level ...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (holding that to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  (internal citation omitted)).

1    Additionally, Federal Rule of Civil Procedure 8 requires a plaintiff to plead a short

2    and plain statement of the elements of his or her claim, "identifying the transaction or

3    occurrence giving rise to the claim and the elements of a prima facie case." *Bautista v.*

4    *Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).   Accordingly, plaintiff must set

5    forth "who is being sued, for what relief, and on what theory, with enough detail to guide

6    discovery." *McHenry v. Penne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996).

7    Here, the court finds that the complaint is difficult to decipher and devoid of any

8    substantive factual allegations.  It consists solely of conclusory assertions unsupported by

9    any factual details.  Accordingly, the remaining claims against Regal and Terra Staffing

10   are dismissed for failure to state a claim.

11   **C. Res Judicata**

12   Although plaintiff failed to respond to defendants' motions to dismiss within the

13   timeframe required by the Local Rules, the court nevertheless considered her late-filed

14   opposition.  (Opp.) Dkt. # 22.  To the extent the opposition adds any factual detail to the

15   complaint, it appears that plaintiff is attempting to rehash her 2013 claims against Regal

16   and Terra Staffing.  Plaintiff recounts, for example, her August 2012 encounter with the

17   Regal security guard who allegedly implied that she kept a gun in her car.  (Opp.) Dkt. #

18   22, p. 3.

19   Any claims relating to this incident have already been dismissed by Judge Settle in

20   the previous lawsuit.  Accordingly, plaintiff is barred by the doctrine of *res judicata* from

21   re-litigating these claims.  *See Ownes v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708,

22   713 (9th Cir. 2001) ("The doctrine of res judicata bars litigation in a subsequent action of

23   any claims that were raised or could have been raised in [a] prior action."); *Federated*

24   *Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401-02 (1981) ("The doctrine serves the

25   important public policy of providing 'an end to litigation' and ensures that 'matters once

26   tried shall be considered forever settled as between the parties.").

27

ORDER- 6

### D. Vexatious Litigant Order

Finally, defendants ask this court to enter a vexatious litigant pre-filing order against plaintiff. (Regal Mot.) Dkt. # 19, p. 9-13; (Terra Mot.) Dkt. # 20. "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (*quoting Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)). Under the power of 28 U.S.C. § 1651 (a) enjoining litigants with abusive and lengthy histories is one such form of restriction that the district court may take. *Id.*

Nonetheless, such pre-filing orders should rarely be filed. *Id.* Pre-filing restrictions are an "extreme remedy" and must be narrowly tailored "to prevent infringement on the litigator's right of access to the courts." *Id.* (*quoting Sires v. Gabriel*, 748 F.2d 49, 51 (1st Cir. 1984)). Accordingly, such orders may only be entered after the following prerequisites have been met:

> (1) The litigant must be given notice and an opportunity to be heard, (2) the district court must create an adequate record for review that includes a listing of all cases and motions that led the court to conclude that a vexatious litigant order was necessary, (3) the district court must make substantive findings as to the frivolous or harassing nature of the litigant's actions, and (4) the order must be narrowly tailored to fit the specific vice encountered.

*De Long*, 912 F.2d at 1147-48.

Here, plaintiff has been given notice and has responded to defendants' request for a vexatious litigant order. (Opp.) Dkt. # 22, p. 4. Although defendants have listed at least 18 cases filed by plaintiff both within and outside this district (Regal Mot. Dkt. # 19, n. 16, 17, 18) all of which appear to have been dismissed, the court bases its decision solely on the record in this case and the previous matter dismissed by Judge Settle. *See* Case No. 13-cv-5113-BHS. Based upon plaintiff's own allegations, it appears that her

interactions with defendants Regal and Terra Staffing are limited to a single day, which consisted of three to four hours of temp work.  She has already had the opportunity to litigate any claims she may have had against these defendants arising from that incident.  *See id.*  The district court dismissed those claims and the Ninth Circuit dismissed plaintiff's appeal, finding that it was frivolous.  Nevertheless, plaintiff filed a second action against these defendants that fails to include any substantive allegations and, based upon plaintiff's opposition to the present motions, appears to be an attempt to rehash the claims she made in the prior lawsuit.  There is simply no legitimate basis to continue to allow plaintiff to waste the court's and defendants' time and resources on this matter.

Accordingly, plaintiff is hereby enjoined from filing any further action or papers in this court relating to the August 29, 2012 incident involving Regal and Terra Staffing.  This includes any claims that have been raised in connection with that incident or *could have been* raised in connection with that incident.  The clerk shall not accept for filing any further complaints by Mariyam Akmal against Terra Staffing and/or Regal until any such complaint has been reviewed by a judge of this court for compliance with this order.  The court further notifies Ms. Akmal that failure to abide by this order may result in sanctions being imposed against her.

## IV.    CONCLUSION

For all of the foregoing reasons, defendants' motions to dismiss and for imposition of a vexatious litigant order are GRANTED.  Dkt. ## 13, 19, 20.  Additionally, plaintiff's motion for extension of time is GRANTED.  Dkt. # 14.

Dated this 19th day of January, 2016.

The Honorable Richard A. Jones
United States District Judge